**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CENTERSTONE LINEN SERVICES, LLC, d/b/a Clarus Linen Systems, *et al.*,[1]<br><br>                   Debtors. | Case No.: 18-31754-5-mcr<br><br>Chapter 11 Cases<br><br>Jointly Administered |
| CENTERSTONE LINEN SERVICES, LLC, *et al.* LIQUIDATING TRUST, by and through BRIAN RYNIKER, as LIQUIDATING TRUSTEE,<br><br>                   Plaintiff,<br><br>– against –<br><br>ALTUS MANAGEMENT, LLC, CATHOLIC HEALTH SYSTEM, INC., KENMORE MERCY HOSPITAL, MERCY HOSPITAL OF BUFFALO, SISTERS OF CHARITY HOSPITAL OF BUFFALO, NEW YORK, and MT. ST. MARY'S HOSPITAL OF NIAGARA FALLS,<br><br>                   Defendants. | **PLAINTIFF'S RESPONSE TO CHS DEFENDANTS' AMENDED ANSWER, COUNTERCLAIMS, STATEMENT PURSUANT TO FRBP 7008 and FRBP 7012(b), AND JURY DEMAND**<br><br>Adversary No. 20-50005-5-mcr |

Brian Ryniker, as liquidating trustee (the "Liquidating Trustee" or "Plaintiff") of the liquidating trust of Centerstone Linen Services, LLC and its affiliated above-captioned debtors (collectively, the "Debtors"), by and through counsel, as and for his response (the "Response") to the counterclaims (the "Counterclaims") of Defendants Catholic Health System, Inc. ("CHS"), Mercy Hospital of Buffalo ("Mercy"), Sisters of Charity Hospital of Buffalo, New York

---

[1]     The Debtors are Centerstone Linen Services, LLC d/b/a Clarus Linen Systems, Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems ("Atlas"), Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems, Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems and Alliance LTS Winchester, LLC d/b/a Clarus Linen Systems.

("Sisters"), Kenmore Mercy Hospital ("Kenmore"), and Mount St. Mary's Hospital of Niagara Falls ("MSM", and together with CHS, Mercy, Sisters and Kenmore, the "CHS Defendants") as set forth in paragraphs 100-188 of their Amended Answer, Counterclaims, Statement Pursuant to FRBP 7008 and FRBP 7012(b), and Jury Demand, (the "Amended Answer") [Dkt No. 34] to the Complaint filed by Plaintiff on May 6, 2020 ("Complaint"), hereby admits, denies and alleges, as follows:

## RESPONSE TO FIRST COUNTERCLAIM

100. Plaintiff objects to the allegations contained in Paragraph 100 of the Amended Answer as they call for legal conclusions and otherwise denies the allegations contained in Paragraph 100 of the Amended Answer.

## RESPONSE TO SECOND COUNTERCLAIM

101. Plaintiff objects to the allegations contained in Paragraph 101 of the Amended Answer as they call for legal conclusions and otherwise denies the allegations contained in Paragraph 101 of the Amended Answer.

## RESPONSE TO THIRD COUNTERCLAIM

102. Plaintiff admits the allegations contained in Paragraph 102 of the Amended Answer and refers CHS Defendants to paragraph 21 and Exhibit A of the Complaint for the complete Altus Contract.

103. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Amended Answer and refers to the language of the Altus Contract.

104. Plaintiff admits the allegations contained in Paragraph 104 of the Amended Answer and refers CHS Defendants to paragraph 23 of the Complaint.

105. Plaintiff admits the allegations contained in Paragraph 105 of the Amended Answer but only to the extent to which said paragraph might accurately quote the contents of the Altus Contract.

106. Plaintiff denies the allegations contained in Paragraph 106 of the Amended Answer.

107. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Amended Answer in part because such paragraph is incomprehensible.

108. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Amended Answer.

109. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Amended Answer.

110. Plaintiff denies the allegations contained in Paragraph 110 of the Amended Answer.

**RESPONSE TO FOURTH COUNTERCLAIM**

111. Plaintiff admits the allegations contained in Paragraph 111 of the Amended Answer and refers CHS Defendants to paragraph 21 and Exhibit A of the Complaint for the complete Altus Contract.

112. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Amended Answer and refers to the language of the Altus Contract.

113. Plaintiff admits the allegations contained in Paragraph 113 of the Amended Answer and refers CHS Defendants to paragraph 23 of the Complaint.

114. Plaintiff admits the allegations contained in Paragraph 114 of the Amended Answer but only to the extent to which said paragraph might accurately quote the contents of the Altus Contract.

115. Plaintiff admits the allegations contained in Paragraph 115 of the Amended Answer.

116. Plaintiff admits that due to CHS Defendants' breaches, tortious actions and stay violations as set forth, *inter alia*, in paragraphs 41-51 of the Complaint, which included the CHS Defendants entering into a linen services agreement with an alternative party, in breach of the CHS Defendants' contractual obligations, the Debtors concluded providing laundry services to the CHS Defendants, but otherwise denies the allegations contained in Paragraph 116 of the Amended Answer.

117. Plaintiff denies the allegations contained in Paragraph 117 of the Amended Answer and incorporates herein and refers the CHS Defendants to paragraphs 41-51 of the Complaint.

118. Plaintiff denies the allegations contained in Paragraph 118 of the Amended Answer.

**FIRST AFFIRMATIVE DEFENSE**
**(As to All Counterclaims)**

119. The Counterclaims fail to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Bankruptcy Rule 7012(b).

**SECOND AFFIRMATIVE DEFENSE**
**(As to All Counterclaims)**

120. The CHS Defendants are not entitled to any credit, reduction, recoupment or set-off due to their breaches as set forth in paragraphs 41-51 of the Complaint.

**THIRD AFFIRMATIVE DEFENSE**
**(As to All Counterclaims)**

121. The CHS Defendants are not entitled to any credit, reduction, recoupment or set-off due to their tortious interference as set forth in paragraphs 41-51 of the Complaint.

### FOURTH AFFIRMATIVE DEFENSE
### (As to All Counterclaims)

122. The counterclaims are barred, in whole or in part, by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE
### (As to All Counterclaims)

123. The counterclaims are barred, in whole or in part, by the applicable statute of frauds.

### SIXTH AFFIRMATIVE DEFENSE
### (As to All Counterclaims)

124. The counterclaims are barred, in whole or in part, by the principle of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE
### (As to All Counterclaims)

125. The counterclaims are barred, in whole or in part, by the principle of laches.

### EIGHTH AFFIRMATIVE DEFENSE
### (As to All Counterclaims)

126. The counterclaims are barred, in whole or in part, by the principle of waiver.

### NINTH AFFIRMATIVE DEFENSE
### (As to All Counterclaims)

127. The counterclaims are barred, in whole or in part, by the principle of release.

### TENTH AFFIRMATIVE DEFENSE
### (As to All Counterclaims)

128. The counterclaims are barred, in whole or in part, by the principle of admission.

### ELEVENTH AFFIRMATIVE DEFENSE
### (As to All Counterclaims)

129. The counterclaims are barred, in whole or in part, by the principle of anticipatory breach or repudiation.

### TWELEFTH AFFIRMATIVE DEFENSE
### (As to All Counterclaims)

130. The counterclaims are barred, in whole or in part, by the failure of the CHS Defendants to file such claims in accordance with the claims bar date and claims protocol set forth in this bankruptcy case.

### THIRTEENETH AFFIRMATIVE DEFENSE
### (As to All Counterclaims)

131. The counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

### FRBP 12(B) STATEMENT

132. Plaintiff consents to the entry of final orders and judgements by this Bankruptcy Court.

### RESERVATION OF RIGHTS

133. Plaintiff reserves the right to amend this Response and to assert additional claims or affirmative defenses as may be available or become available to it during the course of these proceedings.

*(remainder of page intentionally left blank)*

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) granting the relief requested in the Complaint;

(b) dismiss of the Counterclaims;

(c) for the costs and disbursements of this Adversary Proceeding; and

(d) for such other and further relief as the Court deems just and proper.

Dated: November 6, 2020

CENTERSTONE LINEN SERVICES, LLC, *et al.*
LIQUIDATING TRUST, by and through
BRIAN RYNIKER, as LIQUIDATING TRUSTEE

By: */s/ Edward L. Schnitzer*
　　　Edward L. Schnitzer
　　　David M. Banker
Montgomery McCracken Walker & Rhoads LLP
437 Madison Avenue, 24th Floor
New York, NY  10022
Telephone: (212) 551-7759
Email: eschnitzer@mmwr.com
　　　　dbanker@mmwr.com

*Counsel to the Plaintiff*